IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

JOSE RUBIANS, :
:
    Plaintiff, :
: Case No.: 5:03-cv-373 (CAR)
v. :
:
ELDRIDGE PAYNE, :
:
    Defendant. :

*ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND PLAINTIFF'S MOTION TO DISMISS*

Before the Court is Defendant's Motion for Summary Judgment [Doc. 23]. Despite having been ordered to do so [Doc. 24], Plaintiff has not filed a Response to this motion. Instead, he filed a Motion to Dismiss Without Prejudice [Doc. 27], which is also before the Court. For the reasons discussed below, Defendant's Motion for Summary Judgment [Doc. 23] is **GRANTED** and Plaintiff's Motion to Dismiss [Doc. 27] is **DENIED**.

*BACKGROUND*

Plaintiff Jose Rubiani, an inmate at Macon State Prison, brings this action against Defendant Lt. Eldridge Payne, a corrections officer at the prison, complaining that Payne forced him to shave with clippers, instead of a razor, causing him to suffer a rash, for which he later sought medical treatment. Plaintiff's complaint names only Payne as a defendant, and appears not to contest the quality or timeliness of the medical treatment Plaintiff received for his rash.

At all times relevant to this action, Plaintiff was housed in the isolation unit of the prison, over which Defendant is a supervisor. Plaintiff claims that on September 26, 2003, Defendant

1

instructed him to go to the barbershop to be shaved.[1]  Plaintiff protested, stating he preferred to shave with a razor, rather than with the clippers used in the isolation unit barbershop.  Defendant replied that Plaintiff had to be shaved at the barbershop that day or he would face a disciplinary charge.  Plaintiff then submitted under protest, since he did not want to receive an additional disciplinary charge, and Defendant escorted him to the barbershop where he was shaved with clippers.

Two days later, on September 28, 2003, Plaintiff noticed that his face, neck, and chest area were covered with a red rash and red welts that itched.  Believing that he contracted the rash from the shave, Plaintiff requested medical attention.  A nurse examined Plaintiff the next day, on September 29, 2003, and noted reddish hives on his neck, upper chest, abdomen, and upper back.  She prescribed a hydrocortisone cream and attempted to give Plaintiff a shot to cure the rash, which he refused.  Despite using the cream, Plaintiff's rash persisted for several months.  Plaintiff sought medical treatment on approximately four additional occasions over the two months that followed.  He then filed the present action in this Court.  After conducting discovery, Defendant filed a motion for summary judgment.

## DISCUSSION

**1.      Plaintiff's Motion to Dismiss**

In lieu of a response to Defendant's Motion for Summary Judgment, Plaintiff filed a Motion to Dismiss Without Prejudice.  Through his motion, Plaintiff seeks a dismissal of his claims without prejudice, or in the alternative, an extension of time in which to file a Response

---

[1] The Georgia Department of Corrections Board Rules require that inmates remain clean shaven at all times.  The rules further mandate that inmates in a prison's isolation unit be shaved three times per week.  Due to security concerns in isolation units, razors are prohibited.

to Defendant's Motion for Summary Judgment, arguing that he has thus far had insufficient time and resources with which to prepare a Response brief. More precisely, Plaintiff states that the books in his prison's law library have not been updated since 1998, and his computer research time is limited to 30 minutes per week pursuant to the prison's standard operating procedures.

Liberally construing Plaintiff's Motion to Dismiss, as the Court must given that he is a pro se litigant,[2] Plaintiff's motion appears, in substance, to be a motion for extension of time, rather than a motion to dismiss.[3] The decision to grant an extension of time is within the discretion of the court. In this case, the Court declines to exercise its discretion to allow such an extension. Although the Court is reluctant to rule on Defendant's motion without the benefit of Plaintiff's response, the Court finds that a response—even one drafted by an attorney— would be futile in light of the substantive obstacles outlined below. Accordingly, Plaintiff's motion for an extension of time is **DENIED**.

2. **Defendant's Motion for Summary Judgment**

Turning to Defendant's motion, the Court finds that Defendant is entitled to summary judgment because Plaintiff's allegations fail to amount to a constitutional violation. In his complaint, Plaintiff alleges that Defendant violated his constitutional rights by forcing him to shave with clippers, instead of a razor, causing him to suffer a painful, itchy rash.

Plaintiff's allegations implicate the Eighth Amendment's prohibition of cruel and unusual

---

[2] E.g., Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) ("Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.").

[3] Indeed, a dismissal at this time—even a dismissal without prejudice—would operate as a dismissal with prejudice, since the statute of limitations has long-expired—a result that Plaintiff certainly does not intend. Long v. Simmons, 77 F.3d 878, 880 (5th Cir. 1996); McGowan v. Faulkner Concrete Pipe Co., 659 F.2d 909 (Former 5th Cir. Oct. 1981) ("Where litigation of a claim will be time-barred, a dismissal without prejudice is no less severe than a dismissal with prejudice.").

punishment. Though the Eighth Amendment does not mandate comfortable prisons, it also does not tolerate inhumane ones. Farmer v. Brennan, 511 U.S. 825, 832 (1994). Accordingly, "the Eighth Amendment governs the treatment a prisoner receives in prison and the conditions under which he is confined." Farrow v. West, 320 F.3d 1235, 1242 (11th Cir. 2003) (quoting Helling v. McKinney, 509 U.S. 25, 31 (1993)). A prison official may violate the Eighth Amendment by denying an inmate humane conditions of confinement only if he is deliberately indifferent to a substantial risk of serious harm. See Estelle v. Gamble, 429 U.S. 97, 104 (1976), Farmer v. Brennan, 511 U.S. 825, 837 (1994); McElligott v. Foley, 182 F.3d 1248, 1254-55 (1999). This requires proof that the prison official "knew that the inmate faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate it." Farmer, 511 U.S. at 847 (internal alterations omitted).

Plaintiff alleges that Defendant exposed him to a substantial risk of serious harm by forcing him to shave with clippers. He claims that by shaving with clippers, he suffered a rash, which covered his face, neck, and chest, and which itched. In order for a condition of confinement, such as being made to shave with clippers, to violate the Eighth Amendment, the condition must be "extreme." Chandler v. Crosby, 379 F.3d 1278, 1289 (11th Cir. 2004). While an inmate "need not await a tragic event" before seeking relief, he must at the very least show that the complained-of condition "poses an unreasonable risk of serious damage to his future health or safety." Id. (quoting Helling, 509 U.S. at 33). Moreover, "the Eighth Amendment requires more than a scientific and statistical inquiry into the seriousness of the potential harm and the likelihood that such injury to health will actually be caused by exposure to the challenged condition of confinement." Id. It also requires courts to assess "whether society

4

considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk." Id. Put differently, the prisoner must "show that the risk of which he complains is not one that today's society chooses to tolerate." Id.

The harm of breaking out in a rash after shaving is not sufficiently serious to support an Eighth Amendment violation. See Shabazz v. Barnauskas, 790 F.2d 1536, 1538 (11th Cir. 1986) (dismissing plaintiff's Eighth Amendment claim because plaintiff's allegation that defendants forced him to shave did not pose a risk of serious harm, even though the shaving caused "bleeding, inflammation, irritation, ingrowing of hairs, infection, purulence, and pain."); cf. Hamm v. DeKalb County, 774 F.2d 1567, 1575 (11th Cir. 1985) (rash was not a "serious medical need"); cf. generally Blackmore v. Kalamazoo County, 390 F.3d 890, 897-98 (collecting cases; citing Shabazz, and specifically noting that "very minor injur[ies] for which many people outside prison would not even seek medical treatment" do not amount to "serious medical needs"). Therefore, without passing on whether Defendant acted with deliberate indifference in forcing Plaintiff to shave with clippers (instead of a razor), the Court finds that Defendant's conduct did not violate Plaintiff's Eighth Amendment rights, because the risk of breaking out in a rash is not a "serious harm."

Accordingly, Defendant's Motion for Summary Judgment is **GRANTED**.

*CONCLUSION*

For the reasons discussed above, Plaintiff's Motion to Dismiss [Doc. 27] is **DENIED** and Defendant's Motion for Summary Judgment [Doc. 23] is **GRANTED**.

**SO ORDERED**, this 30th day of March, 2007.

                 S/ C. Ashley Royal
                 C. ASHLEY ROYAL
                 UNITED STATES DISTRICT JUDGE

SSH/EHE/AEG